J-A09023-20

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| DANIEL JOHNSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| | : | |
| VALERIE L. WEBER AND RAYMOND | : | |
| E. WEBER | : | |
| | : | |
| Appellees | : | No. 1306 WDA 2019 |

Appeal from the Judgment Entered September 26, 2019
In the Court of Common Pleas of Beaver County Civil Division at No(s):
10758 of 2016 C.A.

| DANIEL JOHNSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| | : | |
| VALERIE L. WEBER AND RAYMOND | : | |
| E. WEBER | : | |
| | : | |
| Appellees | : | No. 1338 WDA 2019 |

Appeal from the Judgment Entered September 26, 2019
In the Court of Common Pleas of Beaver County Civil Division at No(s):
10758 of 2016

BEFORE:   SHOGAN, J., MURRAY, J., AND STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.: FILED JULY 14, 2020

I join the Majority's memorandum.  However, I write separately to note that I believe that Johnson's first issue is framed improperly and is moot.

\*Retired Senior Judge assigned to the Superior Court.

Johnson questions whether the trial court erred in denying his motion for summary judgment. The purpose of a pre-trial motion for summary judgment is to "avoid a useless trial." DeArmitt v. New York Life Ins. Co., 73 A.3d 578, 595 (Pa. Super. 2013). Therefore, once a case goes to trial, the issue of whether a trial court erred in denying a pre-trial summary judgment motion is moot. See Whitaker v. Frankford Hosp. of City of Philadelphia, 984 A.2d 512, 517 (Pa. Super. 2002) ("[W]e note that [the a]ppellants have incorrectly framed their position. Once this case proceeded to trial and [the a]ppellants presented a defense, the trial court's refusal to grant them summary judgment and a compulsory nonsuit became moot. Once a jury verdict in favor of [the a]ppellees was entered, the issue became whether the trial court erred in failing to grant them judgment notwithstanding the verdict.") (citation omitted). In the instant case, Johnson should have framed his first issue in terms of the sufficiency of the evidence supporting the nonjury verdict, not the denial of the pre-trial motion for summary judgment.